FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 FEB -9  PM 12: 02

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

William M. Schmalfeldt, Sr.,
*Plaintiff,*

v.

Eric P. Johnson, *et al.*
*Defendants.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Case No. 15-CV-0315-RDB

# DEFENDANT WILLIAM HOGE'S OPPOSITION TO PLAINTIFF'S PETITION TO FILE *IN FORMA PAUPERIS*

Comes Now Defendant William Hoge opposing Plaintiff's petition to file the above captioned matter *in forma pauperis*. In opposing the petition Mr. Hoge reserves his right to move at a later date for dismissal on any other lawful grounds, and he states as follows:

## SUMMARY

Because Plaintiff has filed his Complaint (ECF No. 1) for the instant lawsuit *in forma pauperis*, the Court should review his complaint under the standards set forth in 28 U.S.C. § 1915(e). Following such review, the Court should dismiss the lawsuit if it finds that

    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;

**(ii)** fails to state a claim on which relief may be granted; or
**(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The facts of the case show that Plaintiff's complaint fails on points (A), (B)(i), and (B)(ii). Thus, the Court should deny Plaintiff petition to file *in forma pauperis* and dismiss the lawsuit. *See Nasim v. Warden, Maryland House of Corrections, et al.*, 64 F.3d 951, 953-955 (4th. Cir. 1995).

### PLAINTIFF IS NOT A PAUPER

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) ("Application") shows annual income in excess of $29,000, an amount which should disqualify Plaintiff from proceeding as a pauper. Furthermore, on information and belief Plaintiff has not completely revealed all his household income.

Plaintiff published his 2013 IRS Form 1040A online. *See* Exhibit A. It shows disability pension and Social Security income totaling over $38,000 reported to the IRS. That is a $9,000 discrepancy.

Additionally, Plaintiff states in his Complaint (*e.g.*, ¶ 3) that he works as a freelance reporter and that he has published books and CD sold via outlets such as Amazon. Plaintiff has had some income from the sale of books and CD—if only from items Mr Hoge purchased for use as evidence in a copyright infringement lawsuit in 2014. Yet, the

Application shows no income whatsoever from those sources. On information and belief, the various websites operated by Plaintiff all have "Donation" buttons with links allowing online payments to Plaintiff. He also shows no income from that source.

Plaintiff's assertion of poverty is untrue. Therefore, the Court should dismiss the instant lawsuit pursuant to 28 U.S.C § 1915(e)(2)(A).

### PLAINTIFF'S CASE IS FRIVOLOUS

Plaintiff does not specify any damages that he has suffered because of any act done by Mr. Hoge. With no damages there can be no relief, so the instant lawsuit is meritless and frivolous. The Court should dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### PLAINTIFF'S CASE IS MALICIOUS

As Plaintiff admits in his Complaint (¶¶ 23, 27, 28, and 29), he was subject to a peace order obtained by Mr. Hoge and an extension of that peace order. He further admits that he is now subject to a second peace order. Plaintiff moved for a modification of the first peace order, and his motion was denied. Plaintiff appealed both the first peace order and its extension. Certiorari was denied by the Maryland Court of Appeals in both instances. Plaintiff was notified of the date and time of the *de novo* trial on the appeal of

the District Court's denial of the second peace order in the Circuit Court for Carroll County. He chose not to attend. He failed to file a motion seeking to have the Circuit Court's finding set aside. He failed to seek a new trial. He did not file an appeal. He has contacted Mr. Hoge in violation of the order, and Mr. Hoge has filed a petition for contempt. A show cause hearing was held on 30 January, 2015, before Judge Thomas Stansfield in the Circuit Court for Carroll County. Judge Stansfield took the matter under advisement and has not yet ruled.

On information and belief Plaintiff has filed the instant lawsuit because Mr. Hoge has sought the protection of the state courts of Maryland from harassment by Plaintiff, hoping that this Court will somehow undo the work of the Maryland Courts. As can be seen from his Prayer for Relief, Plaintiff wishes to prevent Mr. Hoge from availing himself of such legal protection. Thus, Plaintiff has acted with malice in filing the instant lawsuit, and the Court should dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### PLAINTIFF DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), there was a "threadbare" recitation of the elements of a tort presented which the Supreme Court rejected. Plaintiff's Complaint has not even given this Court so much as that to work with. There is no "short and plain

statement of [a] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In his First Claim for Relief for libel Plaintiff fails to allege with particularity the who/what/when/where/how of his claim. With "no specific description of the content of the alleged statements, nor when or how they were communicated," Plaintiff fails to properly state a claim upon which relief can be granted. *See, e.g., Brown v. Ferguson Enterprises, Inc.*, 12-CV-1817-CCB, Dec. 11, 2012 (D.Md. 2012). There is nothing in the Complaint that ties together what Mr. Hoge said or wrote, to whom he said or wrote it, when he said or wrote it, where he may have published it, or how it might be defamatory. No defamation has been properly alleged.

In his Second Claim for Relief for false light invasion of privacy Plaintiff again fails to allege with particularity the elements of his claim. Under Maryland law, to allege false-light a plaintiff must show (1) the defendant gave publicity to a matter concerning the plaintiff that placed him before the public in a false light; (2) the false light would be highly offensive to a reasonable person, and (3) the defendant acted with knowledge of or reckless disregard for the falsity of the publicized matter and the false light in which plaintiff would be placed. *See Byington v. NBRS Fin. Bank*, 903 F.Supp.2d 342, 352-353 (D.Md. 2012). Plaintiff has not alleged with particularity which statements supposedly made by Mr. Hoge placed him in a false light. Additionally, he has not stated any actual damages or expenses incurred because of any alleged portrayal in a false light.

In his Third and Fourth Claims for Relief for abuse of process and malicious prosecution Plaintiff fails to establish the elements of either tort.

Obstruction of justice, the basis of Plaintiff's Fifth Claim for Relief, is not a tort.

Unlawful interference with business relationships, the basis of Plaintiff's Sixth Claim for Relief, is not a tort. Even if this is taken as a *pro se* attempt at alleging tortious interference, the claim still fails. Plaintiff fails to allege any specific act done by Mr. Hoge which resulted in Plaintiff's loss of any business opportunity.

Conspiracy, the basis of Plaintiff's Seventh Claim for Relief, is not a tort.

In his Eighth Claim for Relief Plaintiff fails to properly allege intentional infliction of emotional distress. He does not properly allege any behavior by Mr. Hoge that was extreme or outrageous. He fails to allege, except in the most conclusory manner, any causal relationship between any act done by Mr. Hoge and any alleged distress he may have suffered. More to the point, Plaintiff has failed to properly allege that Mr. Hoge has committed any tortious conduct. "In Maryland, intentional infliction of emotional distress must arise out of tortious conduct." *Exxon Mobil Corp. v. Albright*, 433 Md. 303, 71 A.3d 30, 58 (2013). Because all of Plaintiff's alleged tort claims fail, he cannot recover for intentional infliction of emotional distress.

Finally, Plaintiff has not specified any damages for any of his claims.

In light of the foregoing, the Court should dismiss the instant lawsuit for failure to state a claim on which relief can be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

CONCLUSION

The facts of the instant lawsuit show that Plaintiff is not a pauper, that his case is frivolous, that his case is malicious, and that he has failed to state a claim on which relief can be granted. Any of these should be grounds for dismissal pursuant to 28 U.S.C. § 1915(e). With all these defects present, the Court should dismiss this lawsuit.

Plaintiff's lack of pauper status, the frivolous nature of the suit, and the failure to state a claim on which relief can be granted apply not only to Mr. Hoge but also to all the defendants. Therefore, judicial economy suggests that dismissal should be with respect to all the defendants.

WHEREFORE, Mr. Hoge asks this Court to deny Plaintiff's petition to file *in forma puaperis*, to dismiss the instant lawsuit pursuant to 28 U.S.C. 1915(e), and for such other relief as the Court may find just and proper.

Dated: 9 February, 2015

Respectfully submitted,

William John Joseph Hoge, pro se
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2954
himself@wjjhoge.com

## VERIFICATION

I certify that all the foregoing is true and correct to the best of my knowledge and belief and that all copies are true and accurate reproductions of the originals.

*William John Joseph Hoge*

## CERTIFICATE OF SERVICE

I certify that on the 9th day of February, 2015, I served a copy of this Opposition on William M. Schmalfeldt by First Class U. S. Mail.

*William John Joseph Hoge*