IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM M. SCHMALFELDT, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. RDB-15-315 |
| ERIC P. JOHNSON, et al. | * | |
| Defendant(s). | * | |

**O R D E R**

Plaintiff William M. Schmalfeldt, Sr., brings this action against defendants for fraud and mismanagement of trust funds based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332, [1] and requests permission to proceed in forma pauperis. Plaintiff does not appear to be eligible to proceed as an indigent since his financial information shows his monthly income of $ 2,421.83 exceeds his stated expenses. Additionally, he owns real estate estimated at $10,000 and a motor vehicle. He also maintains a checking account containing $2,075.00. This Court will not require Plaintiff to pay the filing fee, however, as this case will be dismissed without prejudice for lack of jurisdiction.

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $ 75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests on the

---

[1] Plaintiff provides no cognizable basis for federal question jurisdiction.

party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 553 (2005); 28 U.S.C. § 1332(c)(1)(B) ("[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated").  In this case, Plaintiff and Defendant William Joseph John Hoge, III are shown as Maryland residents.  Under these circumstances, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff shares Maryland citizenship in common with one defendant. Consequently, the Complaint will be dismissed for lack of jurisdiction without prejudice. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, it is this 18th day of February 2015, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF 2) IS DENIED;

2. The case IS DISMISSED for lack of jurisdiction;

3. The Clerk SHALL CLOSE this case; and

4. The Clerk SHALL SEND a copy of this Order to the William M. Schmalfeldt, Sr. and William John Joseph Hoge, III.

_____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE